UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 05-CV-299-KKC

JEFFERY ALLEN PATTERSON                                                                                   PLAINTIFF

VS:                            **MEMORANDUM OPINION AND ORDER**

RANDY STOVALL, WARDEN, ET AL.                                                               DEFENDANTS

The plaintiff, Jeffery Allen Patterson, who is currently confined in the Branchville Correctional Facility ("BCF"), P.O. Box 500, Tell City, Indiana, 47586-0500, has submitted a prisoner *pro se* civil rights action, pursuant to 42 U.S.C. §1983 [Record No. 1]. The plaintiff also filed an "Affidavit of Assets for Application to proceed Without Prepayment of Fees" [Record No. 2]. The motion to proceed *in forma pauperis* will be addressed by separate order.

This matter is before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

To establish a right to relief under §1983, the plaintiff must plead and prove two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See*

*Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines that the action is (i) frivolous or malicious or (ii) fails to state a claim upon which relief can be granted.

PREVIOUS LITIGATION

On May 19, 2005, the plaintiff filed a previous §1983 action in this Court, being *Jeffery Allen Patterson v. Randy Stovall*, Pikeville Civil Action No. 05-161-KKC ("the First Patterson Complaint"). The plaintiff alleged in the First Patterson Complaint that on December 1, 2003, while he was confined at the Otter Creek Correctional Complex ("OCCC") in Wheelwright, Kentucky, Officer Green and Sergeant D. Little of the OCCC confiscated various items of personal property which had been mailed to him as Christmas presents.[1] Plaintiff sought damages in the amount of $200.00. The Court construed the plaintiff's claim, deprivation of personal property, as one falling under the due process clause of the Fourteenth Amendment of the United States Constitution.

On July 25, 2005, the Court entered a Memorandum Opinion and Order ("the Opinion and Order") and a Judgment dismissing the First Patterson Complaint [*See* Record Nos. 5 and 6, 05-CV-161-KKC]. The Court noted in the Opinion and Order that it appeared that the plaintiff had made efforts to administratively exhaust his claims. The Court concluded, however, that because the plaintiff was alleging an unauthorized, intentional deprivation of property in violation of the Due Process Clause, he was required to demonstrate that state court post-deprivation remedies were inadequate. Specifically, the Court instructed the plaintiff that he had to show that the post-deprivation remedies *available through the state courts of Kentucky* were inadequate [*Id.*,

---

[1] The plaintiff identified his personal property as consisting of boxers, briefs, t-shirts, several pairs of socks, ink pens and refill cartridges, bath towels and face towels. The plaintiff estimated the value of the items to be between $90.00 and $100.00.

2

Record No. 5, p.3].[2]  The Court cited *Hudson v. Palmer*, 468 U.S. 517, 531-33, 104 S.Ct. 3194, 82 L. Ed.2d 393 (1984), and *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir.1995), long established case law on the subject, in support of its dismissal.  The Court dismissed the First Patterson Complaint without prejudice to the plaintiff exhausting his claims within state courts of Kentucky.

## ALLEGATIONS OF INSTANT COMPLAINT

The plaintiff asserts the exact same claim ( unconstitutional deprivation of personal property) in the instant proceeding that he asserted in the First Patterson Complaint.

## NAMED DEFENDANTS

The plaintiff has named the following defendants:  (1) Randy Stovall, Warden of the OCCC; and (2) the OCCC.[3]

## RELIEF REQUESTED

Plaintiff seeks:  (1) punitive damages in the amount of $10,000.00; (2) compensatory damages in the amount of $10,000.00; and (3) damages for mental anguish in the amount of $10,000.00.

## DISCUSSION

The Court is required to again dismiss the plaintiff's property loss claims without prejudice. Despite the Court's clear language in the Opinion and Order, the plaintiff has filed this action without having first exhausted his claims *through the courts of Kentucky*.  Unless and until he takes that action, and does so through the highest levels of the Kentucky courts, this Court does not have

---

[2] The Court specifically stated as follows in the Opinion and Order: "Because Kentucky state law provides the plaintiff with adequate post-deprivation remedies for the loss of his property, the unauthorized negligent or intentional deprivation of the plaintiff's personal property does not rise to the level of a violation of due process." [*Id*.]

[3] Defendant Stovall may no longer be the Warden of the OCCC.

jurisdiction to entertain any alleged constitutional claim. The plaintiff is advised that if he persists in filing another complaint without having properly exhausted his claim in state court, the Court may opt to exercise its contempt powers concerning frivolous filings.

The Court further determines that the plaintiff cannot seek damages for emotional distress in relation to claim for lost property. Such a claim is not actionable because under the PLRA, an inmate may not bring a civil action for emotional or mental damages without a prior showing of a physical injury. 42 U.S.C. §1997e(e); *Mitchell v. Horn*, 318 F.3d 523 (3rd Cir. 2003) (prisoner asserting a mental or emotional injury as a result of conditions of confinement was required to show a prior physical injury which is more than a *de minimis*, but less than a significant injury); *Herman v. Holiday*, 238 F.3d 660 (5th Cir. 2001). The plaintiff has not alleged that his emotional distress was the result of any form of physical injury or contact at the hands of the named defendants, or any other person, and therefore his claims of emotional distress are not compensable.

## CONCLUSION

Accordingly, **IT IS ORDERED** that this action is **DISMISSED**, *sua sponte*, and judgment shall be entered contemporaneously with this memorandum opinion in favor of the defendants.

Dated this 13th day of October, 2005.

Signed By:
*Karen K. Caldwell*
**United States District Judge**

4